UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| DEWAYNE JONES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| VS. | ) No. 20-1040-JDT-cgc |
| | ) |
| MAGGIE CUNNINGHAM, ET AL., | ) |
| | ) |
| Defendants. | ) |

ORDER TO MODIFY THE DOCKET AND
DIRECTING PLAINTIFF TO COMPLY WITH
28 U.S.C. §§ 1915(a)(1)-(2) OR PAY THE $400 CIVIL FILING FEE

On February 12, 2020, Plaintiff Dewayne Jones, who is incarcerated at the Northwest Correctional Complex in Tiptonville, Tennessee, filed a *pro se* civil complaint and a document titled "Declaration in Support of Notice to Proceed In Forma Pauperis" (Declaration).[1] (ECF Nos. 1 & 2.)

Under the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(a)-(b), a prisoner bringing a civil action must pay the filing fee required by 28 U.S.C. § 1914(a).[2] Although the

---

[1] In the caption of the complaint, Plaintiff lists the first Defendant as Maggie "Cunnuing." However, in paragraph 4 of the complaint, (ECF No. 1 at PageID 1), and in the caption of his Declaration, (ECF No. 2 at PageID 12), he identifies this Defendant as Maggie Cunningham. The Clerk is directed to MODIFY the docket to change Defendant Maggie "Cunnuing" to Maggie Cunningham.

[2] The civil filing fee is $350. *See* 28 U.S.C. § 1914(a). The Schedule of Fees set out following the statute also requires the Clerk to collect an administrative fee of $50 for filing any civil case. However, the additional $50 fee will not apply if Plaintiff ultimately is granted leave to proceed *in forma pauperis*.

obligation to pay the fee accrues at the moment the case is filed, *see McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013), the PLRA provides the prisoner the opportunity to make a "down payment" of a partial filing fee and pay the remainder in installments. *Id.* at 604. However, in order to take advantage of the installment procedures, the prisoner must complete and submit to the district court, along with the complaint, an *in forma pauperis* affidavit and a certified copy of his inmate trust account statement for the last six months. 28 U.S.C. § 1915(a)(2).

In this case, though Plaintiff submitted a Declaration in which he requests leave to proceed *in forma pauperis*, the Court requires prisoners seeking pauper status to submit a standard prisoner *in forma pauperis* affidavit form. Therefore, Plaintiff is ORDERED to submit to the Court, within 30 days after the date of this order, either the entire $400 civil filing fee or a properly completed and signed application to proceed *in forma pauperis* along with a certified copy of his inmate trust account statement for the last six months. The Clerk is directed to mail Plaintiff a copy of the prisoner *in forma pauperis* affidavit form along with this order. If Plaintiff needs additional time to submit the necessary documents, he may, within 30 days after the date of this order, file a motion for an extension of time.[3]

If Plaintiff timely submits the necessary documents and the Court finds that he is indeed indigent, the Court will grant leave to proceed *in forma pauperis* and assess only a $350 filing fee in accordance with the installment procedures of § 1915(b). However, if Plaintiff fails to comply with this order in a timely manner the Court will deny leave to proceed *in forma pauperis*, assess the entire $400 filing fee from his inmate trust account without regard to the installment

---

[3] If Plaintiff is unable to obtain a trust account statement from prison officials, he should so notify the Court.

procedures, and dismiss the case without further notice for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b). *McGore*, 114 F.3d at 605.[4]

If Plaintiff is transferred to a different prison or released, he is ORDERED to notify the Court immediately, in writing, of his change of address. Failure to abide by this requirement may likewise result in the dismissal of this case without further notice, for failure to prosecute.

IT IS SO ORDERED.

                                            s/ **James D. Todd**
                                            JAMES D. TODD
                                            UNITED STATES DISTRICT JUDGE

---

[4] Even a voluntary dismissal by Plaintiff will not eliminate the obligation to pay the filing fee. *McGore*, 114 F.3d at 607; *see also In re Alea*, 286 F.3d 378, 381 (6th Cir. 2002).